S. L. CLUTE, *Appellee,* v. THE CHICAGO, ROCK ISLAND
    & PACIFIC RAILWAY COMPANY, *Appellant.*

No. 16,647.

SYLLABUS BY THE COURT.

PARTIES—*Action for Damages—Delay in Transporting Goods—
Title Retained by Consignor—Acceptance Refused by Con-
signee.* Notwithstanding title may have been retained by the
consignor, the consignee of goods may sue the carrier for
losses he has sustained through the negligent delay in their
transmission, although he refuses to accept them because not
sooner delivered.

Appeal from Clark district court. Opinion filed No-
vember 5, 1910. Affirmed.

*M. A. Low,* and *Paul E. Walker,* for the appellant.
*J. B. Hayes;* and *F. C. Price,* for the appellee.

The opinion of the court was delivered by

MASON, J.: S. L. Clute, an implement dealer, ordered
several harvesting machines of the manufacturer, and
they were shipped from Wichita to Minneola, consigned
to him, over the Rock Island railroad. He claimed that
there was an unreasonable delay in their transporta-
tion, and that they arrived too late to serve the purpose
for which they were ordered, namely, for sale during
the harvesting season, upon orders already taken. He
refused to receive them, and sued the railroad company
for the profits he would have made by selling them if
they had arrived in time. He recovered, and the de-
fendant appeals.

The appellant claims that under the evidence the
plaintiff bought the machines with the understanding
that the manufacturer was to make delivery at Minne-
ola; that therefore the title remained in the shipper,
and as the plaintiff refused to receive them he never
acquired any interest in the property and can not main-
tain the action. The abstract does not clearly show a

retention of title by the shipper. Ordinarily the right of action for delay or damages is in the consignee. (6 Cyc. 510, 511.) In *Savannah Ry. Co. v. Com. Guano Co.*, 103 Ga. 590, it was held that where by reason of injury to the goods in transit the consignee refuses to receive them the consignor may sue, but this does not negative the right of the consignee to recover for any loss on his part. The court said:

"In the event of liability by the carrier, the only question which remains for determination is whether or not the plaintiff who sues has been damaged, and if so, to what extent." (p. 593.)

Much artificial and technical reasoning has been employed to determine the proper plaintiff in an action of this sort. The consignor has been allowed to recover for the benefit of the consignee (6 Cyc. 513, note 91), and the consignee for the benefit of others having an interest (6 Cyc. 511, note 84). These refinements are not in harmony with the spirit of the code. Neither the consignor nor the consignee can be said to be a stranger to the transaction. The carrier has notice of the interest of each, and if either suffers an injury through its fault he should be permitted to obtain redress in his own name in a direct action against the wrongdoer. This is the effect of the decision in *Railway Co. v. Implement Co.*, 73 Kan. 295, where it was held that an agent to whom his principal sent goods for sale might recover for his commissions lost through the negligent delay of the carrier.

It is contended that the measure of damages for delay in the delivery of goods by a carrier is necessarily the difference between their value when actually delivered and what they would have been worth upon seasonable delivery. This is the usual but not the universal rule.

"In addition to this difference in market value, the carrier will be liable also for such other and incidental damages as naturally and proximately flow from the delay." (3 Hutch. Car., 3d ed., § 1366.)

It is also argued that the damages here recovered were too remote, and could not have been anticipated by the carrier. The same contention was made under substantially similar circumstances in *Railway Co. v. Implement Co.*, supra, and held untenable.

The trial court required a remittitur from the verdict rendered, but the excess was not of such an amount or character as to show passion or prejudice and did not require a new trial.

Although the orders taken by the plaintiff for the machines were not unconditional, the evidence justified submitting to the jury whether his sales were lost by the unreasonable delay of the defendant, and the verdict is conclusive on those points.

The judgment is affirmed.